Manfred P. Muecke (SBN 222893)
**Manfred, APC**
600 W Broadway Ste 700
San Diego CA 92101
Tel: (619) 550-4005
Fax: (619) 550-4006
mmuecke@manfredapc.com

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| Brigette Lowe, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>Beaumont Products, Inc.,<br><br>Defendant | Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff Brigette Lowe ("Plaintiff") alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Beaumont Products, Inc. ("Defendant") manufactures, markets, and sells concentrated floor cleaner, in 32 fl. oz. bottles, marketed as sufficient to "Make[] up to 128 Gallons" of diluted floor cleaner, under the Trewax brand ("Product").

 

1

2. The "Directions for Use" on the back of the bottle provides dilution ratios per gallon of water.

3. Telling consumers that the 32 fl. oz. Product contains enough concentrated floor cleaner for up to 128 gallons of diluted floor cleaner gives the impression that one of the recommended dilution ratios provided should be 1/4 oz. per gallon of water.

4. However, the two dilution ratios listed under "Directions for Use," for "normal, daily cleaning" and "heavy cleaning", both require significantly more than 1/4 oz. per gallon of water.

**DIRECTIONS FOR USE**
**SHAKE WELL BEFORE USING**

1. Sweep, vacuum or dust-mop floors.

2. wear rubber gloves and test on an inconspicuous area before full application.

3. Dilution Ratios: Normal, daily cleaning ………. 1-2 oz. per gallon of water

   Heavy cleaning …………..…. 3-5 oz. per gallon of water

4. Rinsing is not necessary unless following with a coating of a Trewax Professional Gold Label Sealer & Finish (listed above).

5. "Normal, daily cleaning" requires 1-2 oz. of concentrated floor cleaner per gallon of water, while "heavy cleaning" requires 3-5 oz.

6. This means that a 32 fl. oz. bottle of the Product will yield between 16-32 gallons of diluted floor cleaner for "normal, daily cleaning" and between 6.4-10.7 gallons of diluted floor

cleaner for "heavy cleaning."

7. The back-label lists one additional dilution ratio, under "Helpful Hints," for an "all-purpose cleaner" at 2-3 oz. of concentrated floor cleaner per gallon of water.

> Helpful Hints: Daily cleaning with Trewax Professional Gold Label Concentrated Neutral Floor Cleaner will keep your vinyl, stone, tile, marble and laminate wood flooring sparkling like new. Use Trewax Professional Gold Label Concentrated Neutral Floor Cleaner as an all-purpose cleaner on walls, painted woodwork, counters and any surface not harmed by water at 2-3 oz. per gallon of water.

**Helpful Hints:** Daily cleaning with Trewax Professional Gold Label Concentrated Neutral Floor Cleaner will keep your vinyl, stone, tile, marble and laminate wood flooring sparkling like new. Use Trewax Professional Gold Label Concentrated Neutral Floor Cleaner as ==an all-purpose cleaner== on walls, painted woodwork, counter and any surface not harmed by water ==at 2-3 oz. per gallon of water==.

8. This ratio yields between 10.7-16 gallons of "all-purpose cleaner" from 32 fl. oz. of the concentrated Product.

9. All three of the listed dilution ratios result in far fewer gallons of diluted floor cleaner than the advertised 128 gallons.

10. Consumers are misled by the representation that the 32 fl. oz bottle of the concentrated Product "Makes up to 128 Gallons" of diluted floor cleaner, because it is false, deceptive and/or misleading as a result of the provided dilution ratios.

11. Reasonable consumers must and do rely on a company to honestly and lawfully market and describe the attributes and features of a product, relative to itself and other comparable products or alternatives.

12. As a result of the false and misleading representations, the Product is sold at a premium price, approximately not less than $7.49 per 32 fl. oz., excluding tax and sales, higher than similar products represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## PARTIES

13. Plaintiff Brigette Lowe is a citizen of Bethel Island, Contra Costa County, California.

14. Defendant Beaumont Products, Inc. is a Georgia corporation with a principal place of business in Kennesaw, Cobb County, Georgia.

15. Defendant is a manufacturer and seller of green-focused, consumer products, including soaps, insect repellent, cleaning wipes, odor eliminators, and surface protection and restoration products.

16. The products are sold to consumers from big box stores, hardware stores, home improvement stores, and/or online by third parties.

17. Plaintiff purchased the Product between August 2020 and the present, from Walmart in this State.

18. Plaintiff is like most consumers who look to the front label of a product to learn what it is and its key features.

19. Plaintiff read and relied on the front label statement of "Makes up to 128 Gallons" to expect the Product contained enough concentrated floor cleaner to make up to 128 gallons of diluted floor cleaner.

20. Plaintiff bought the Product at or exceeding the above-referenced price.

21. Plaintiff paid more for the Product than she would have had she known the representations and omissions were false and misleading or would not have purchased it.

22. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

23. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes and/or features.

24. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance its representations are consistent with its attributes and/or features.

25. Plaintiff is unable to rely on the representations not only of this Product, but other similar concentrated cleaning products represented as capable of "Mak[ing] up to [X] Gallons" because she is unsure whether those representations are truthful.

26. If Defendant's labeling were to be truthful, Plaintiff could rely on the labeling of other such products.

**JURISDICTION**

27. Plaintiff is a citizen of California.

28. Defendant is a citizen of Georgia.

29. The Court has jurisdiction over Defendant because it transacts business within California and sells the Product to consumers within California from hundreds of retail stores, including big box stores, hardware stores, home improvement stores, and/or online in this State.

30. Defendant transacts business in California, through the sale of the Product to consumers within California from hundreds of retail stores, including big box stores, hardware stores, home improvement stores, and/or online in this State.

31. Defendant has committed tortious acts within this State through the distribution and sale of the Product, which is misleading to consumers in this State.

32. Defendant has committed tortious acts outside this State by labeling, representing and selling the Product in a manner which causes injury to consumers within this State by misleading them as to its contents, amount and/or quality, by regularly doing or soliciting business, or engaging in other persistent courses of conduct to sell the Product to consumers in this State, and/or derives substantial revenue from the sale of the Product in this State.

33. Defendant has committed tortious acts outside this State by labeling the Product in a manner which causes injury to consumers within this State by misleading them as to its contents, amount and/or quality, through causing the Product to be distributed throughout this State, such that it expects or should reasonably expect such acts to have consequences in this State and derives substantial revenue from interstate or international commerce.

34. This Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

**VENUE**

35. Venue is in this District because Plaintiff is a resident of Contra Costa County.

36. Venue is in this District because a substantial part of the events or omissions giving rise to these claims occurred in Contra Costa County, which is where Plaintiff's causes of action accrued.

37. Plaintiff purchased and/or used the Product in reliance on the labeling identified here in Contra Costa County.

38. Plaintiff became aware the labeling was false and misleading in Contra Costa County.

## DIVISIONAL ASSIGNMENT

39. Pursuant to Civil L.R. 3-2(c) and (d), this Action should be assigned to the San Francisco Division or the Oakland Division.

40. This is because a substantial part of the events or omissions giving rise to these claims occurred in Contra Costa County, including Plaintiff's purchase and/or use of the Product and awareness and/or experiences of and with the issues described here.

## CLASS ALLEGATIONS

41. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following Class:

> **California Class:** All persons in California who purchased the Product in California during the statutes of limitations for each cause of action alleged.

42. Excluded from the Class are (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediate family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff and (d) any person that timely and properly excludes himself or herself from the Class.

43. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

44. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

45. Plaintiff is an adequate representative because her interests do not conflict with other members.

46. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

47. The class of persons is sufficiently numerous because Defendant has sold the Product with the identified representations for several years throughout this State, and it was bought by thousands of consumers.

48. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

49. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

50. Plaintiff seeks class-wide injunctive relief because the practices continue.

## CLAIMS FOR RELIEF

### FIRST CLAIM
**Violation of California's Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*

51. Plaintiff incorporates all preceding paragraphs.

52. The UCL prohibits any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.

53. Defendant's conduct, representations, and omissions are "unlawful" because it violates California's False Advertising Law, BPC § 17500, *et seq.* ("FAL"), and Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA").

54. Each of the challenged statements and omissions made and actions taken by Defendant as described violates the FAL, and therefore violates the "unlawful" prong of the UCL.

55. Defendant's conduct was and continues to be unfair and fraudulent because it made materially false representations and omissions that caused consumers to believe the 32 fl. oz bottle of the concentrated Product "Makes up to 128 Gallons" of diluted floor cleaner.

56. Defendant is aware of the representations and omissions it has made about the Product with respect to it being labeled with the statement "Makes up to 128 Gallons."

57. Had Plaintiff been aware of Defendant's practices, she would not have purchased the Product or paid as much, suffering damages.

58. In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence corrective advertising.

**SECOND CLAIM**
**Violation of California's False Advertising Law,**
**Cal. Bus. & Prof. Code § 17500,** *et seq.*

59. The FAL prohibits "mak[ing] any false or misleading advertising claim."

60. Defendant makes "false [and] misleading advertising claim[s]" by deceiving consumers about how the 32 fl. oz bottle of the concentrated Product "Makes up to 128 Gallons" of diluted floor cleaner.

61. In reliance on this false and misleading advertising, Plaintiff purchased and/or used the Product without knowledge the 32 fl. oz bottle of the concentrated Product does not actually "Make[] up to 128 Gallons" of diluted floor cleaner.

62. Defendant knew or should have known that the "Makes up to 128 Gallons" representations and omissions were likely to deceive consumers.

63. Plaintiff and Class Members seek injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

**THIRD CLAIM**
**Violation of California's Consumers Legal Remedies Act,**
**Cal. Civ. Code § 1750,** *et seq.*

64. The CLRA adopts a statutory scheme prohibiting deceptive practices in connection with the conduct of a business providing goods, property, or services primarily for personal, family, or household purposes.

65. Defendant's policies, acts, and practices were designed to, and did, result in the purchase, consumption and/or use of the Product primarily for personal, family, or household purposes, and violated and continue to violate sections of the CLRA, including:

    (a) Civil Code § 1770(a)(5), because Defendant represented that the Product had characteristics, attributes, features, capabilities, uses, benefits, and/or qualities it did not have;

    (b) Civil Code § 1770(a)(9), because Defendant advertised the Product with an intent not to sell it as advertised; and

    (c) Civil Code § 1770(a)(16), because Defendant represented that the Product had been supplied in accordance with its previous representations, when it

was not.

66. Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff has or will send a CLRA Notice to Defendant concurrently with the filing of this action or shortly thereafter, which details and includes these violations of the CLRA, demand correction of these violations, and provide the opportunity to correct these business practices.

67. If Defendant does not correct these business practices, Plaintiff will amend or seek leave to amend the Complaint to add claims for monetary relief, including restitution and actual damages under the CLRA, and injunctive relief to enjoin the unlawful methods, acts and practices alleged, pursuant to Cal. Civ. Code § 1780.

## FOURTH CLAIM
### Breach of Express Warranty

68. The Product was manufactured, identified, marketed and sold by Defendant and expressly warranted to Plaintiff that the 32 fl. oz bottle of the concentrated Product "Makes up to 128 Gallons" of diluted floor cleaner.

69. Defendant directly marketed the Product to Plaintiff and consumers through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions distributed to resellers, and targeted digital advertising.

70. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires.

71. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that the 32 fl. oz bottle of the concentrated Product "Makes up to 128 Gallons" of diluted floor cleaner.

72. Defendant affirmed and promised that the 32 fl. oz bottle of the concentrated Product "Makes up to 128 Gallons" of diluted floor cleaner.

73. Defendant described the Product so Plaintiff and consumers believed the 32 fl. oz bottle of the concentrated Product "Makes up to 128 Gallons" of diluted floor cleaner, which became part of the basis of the bargain that it would conform to its affirmations and promises.

74. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

75. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's warranties.

76. Defendant received notice and should have been aware of these issues due to complaints by third parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

77. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and members of the proposed Class, pray for judgment and relief as follows:

A. Certification of the Class, designating Plaintiff as representative of the Class and Plaintiff's Counsel as counsel for the Class;

B. A declaration that Defendant has committed the violations alleged;

C. For injunctive relief the Court deems appropriate;

D. For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and Cal Civ. Code § 1780, except for monetary damages under the CLRA;

E. Compensatory damages, the amount of which is to be determined at trial, except for monetary damages under the CLRA;

F. For punitive damages;

G. For attorneys' fees;

H. For costs of suit incurred;

I. For pre- and post-judgment interest; and

J. For such further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all causes of action so triable.

Dated:   October 6, 2023

Respectfully submitted,

/s/ *Manfred P. Muecke*

Manfred P. Muecke (SBN 222893)
**Manfred, APC**
600 W Broadway Ste 700
San Diego CA 92101
Tel: (619) 550-4005
Fax: (619) 550-4006
mmuecke@manfredapc.com

Spencer Sheehan*
**Sheehan & Associates, P.C.**
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com

**Pro Hac Vice* Forthcoming